UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SELLERS INGRAM III,

    Petitioner,      Civ. No. 17-10740 (NLH)

    v.      MEMORANDUM ORDER

STATE OF NEW JERSEY, et al.,

    Respondents.

It appearing that:

1. Petitioner Sellers Ingram III ("Petitioner"), a prisoner currently confined at New Jersey State Prison in Trenton, New Jersey, has submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1.

2. Petitioner also filed a Motion to Stay this matter so he can exhaust his claim related to ineffective assistance of counsel. ECF No. 1-2.

3. Petitioner has raised the issue of ineffective assistance of counsel in a second petition for post-conviction relief ("PCR"). Specifically, Petitioner argues that his PCR counsel was ineffective for failing to argue that his trial counsel was ineffective, because his trial counsel failed to present a favorable plea deal to Petitioner pre-trial. This second petition is still pending before the Superior Court of

New Jersey, Atlantic County Law Division. See ECF No. 1, Pet. at 6.

4. Respondents do not oppose Petitioner's request for a stay, stating that "[h]aving reviewed petitioner's filings, the State does not oppose petitioner's request for a stay and abeyance of his federal habeas action until the state court proceedings on his post-conviction relief petition are exhausted." ECF No. 6 at 2.

5. In light of the presently pending second PCR petition, the lack of delay by Petitioner in seeking relief, and the lack of opposition by Respondent, the Court finds that a stay is appropriate in this matter while Petitioner exhausts the issue related to ineffective assistance of counsel. See Rhines v. Weber, 544 U.S. 269, 277–78 (2005) (a stay is "appropriate when the district court determines that there was good cause for the petitioner's failure to exhaust his claims first in state court" and his unexhausted claim is not plainly meritless).

IT IS, therefore, on this __16th__ day of __March__, 2018,

ORDERED that Petitioner's Motion for a Stay of this action, ECF No. 1-2, is GRANTED; and it is further

ORDERED that Petitioner shall return to this Court by filing a request to reopen this action within 30 days after exhaustion of his state law claim; and it is further

ORDERED that, if Petitioner should fail to comply with the deadline set forth in this Order, this Court may vacate this Order nunc pro tunc and dismiss all unexhausted claims without further notice; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular mail; and it is finally

ORDERED that the Clerk of the Court shall administratively terminate this action for case management purposes.

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.